UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DWAYNE M. ARMSWORTHY,        )
                             )
    Plaintiff               )
                             )
v.                           )     No. 1:16-cv-528-NT
                             )
NANCY A. BERRYHILL,          )
ACTING COMMISSIONER,         )
SOCIAL SECURITY ADMINISTRATION, )
                             )
    Defendant               )

## REPORT AND RECOMMENDED DECISION

In this action, Plaintiff Dwayne M. Armsworthy seeks disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Defendant, the Social Security Administration Acting Commissioner, found that Plaintiff has a severe impairment but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the June 6, 2016, decision of the Administrative Law Judge (ALJ) (ECF No. 9-2).[1] The ALJ's decision tracks the familiar

---

[1] The Appeals Council found no reason to review the ALJ's decision. (R. 1.)

five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ determined that Plaintiff has one severe, but non-listing-level impairment: borderline intellectual functioning. (Decision ¶¶ 3 – 4.) The ALJ further found Plaintiff to have the residual functional capacity (RFC) for work at all exertional levels, with non-exertional limitations restricting him to work that involved simple instructions and decisions, and work that excluded public interaction. (*Id.* ¶ 5.) While Plaintiff cannot perform his past relevant work, which was semi-skilled, in accordance with the testimony of a vocational expert, the ALJ concluded that a person with Plaintiff's RFC and vocational profile could make an adjustment to other substantial gainful activity, including specific vocations existing in substantial numbers in the national economy. (*Id.* ¶¶ 6, 10.) The ALJ, therefore, concluded that Plaintiff was not under a disability from November 1, 2014, through the date of the ALJ's decision. (*Id.* ¶ 11.)

## BACKGROUND FACTS

At the time of Plaintiff's hearing on May 6, 2016, the only diagnostic testing of Plaintiff's intellectual functioning was a 2007 consultative examination performed by Edward Quinn, Ph.D., on behalf of the Maine Disability Determination Services. (Ex. 1F.) That evaluation was evidently conducted in connection with a prior disability claim.

On April 8, 2016, Plaintiff requested a new examination in support of his current application. The ALJ did not address the request prior to the hearing date, but at the hearing, the ALJ denied the request for any further evaluation. After the hearing, Plaintiff asked the ALJ to dismiss the request for hearing. (R. 217.) The ALJ denied the motion

and issued a decision on the merits. (Decision at 1, R. 20.)

## PLAINTIFF'S STATEMENT OF ERRORS

Plaintiff argues the ALJ abused his discretion when he (1) did not order a further consultative examination, and denied the request for dismissal; (2) failed to develop the record and denied the applications in the absence of substantial evidence; and (3) determined Plaintiff's RFC by assessing raw medical evidence without the aid of any supportive expert opinion.

## DISCUSSION

### A. Standard of Review

A court must affirm the administrative decision provided that the ALJ applied the correct legal standards and provided that the decision is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

B. **Analysis**

1. *Denial of a consultative exam*

Plaintiff argues the ALJ did not act timely on his request for an examination. Plaintiff contends that had the ALJ acted on the request in advance of the hearing, Plaintiff would have been able to secure, before the hearing, the dismissal of his request for a hearing, to "avoid the harm of an unfair decision on the merits based on only the 2007 equivocal report of Dr. Quinn." (Statement of Errors at 5.)

"While claimant of course bears the burden of proof on the issue of disability, the [Commissioner] nonetheless retains a certain obligation to develop an adequate record from which a reasonable conclusion can be drawn." *Carrillo Marin v. Sec'y Health & Human Serv.*, 758 F.2d 14, 17 (1st Cir. 1985) (per curiam). The Commissioner's regulations provide that consultative examinations are available, and that the decision to obtain such an exam is made on an individual basis. 20 C.F.R. § 404.1519. According to the applicable regulations, the Social Security Administration "will consider not only existing medical reports, but also the disability interview form containing your allegations as well as other pertinent evidence in your file," and "situations that may require a consultative examination include situations in which "the evidence as a whole is insufficient to allow us to make a determination or decision on your claim." *Id.* § 404.1519a(a), (b). "Unless a critical issue is undeveloped, the ALJ is not required to obtain additional or clarifying statements." *Merdan v. Astrue*, No. 0:10-CV-2376, 2011 WL 3555428, at *13 (July 22, 2011), report and recommendation adopted, 2011 WL 3555425 (D. Minn. Aug. 11, 2011).

First, Plaintiff has cited no authority to support his contention that the ALJ was required to act or should have acted on Plaintiff's request for an exam in advance of the hearing. In addition, the ALJ's decision to deny the request for a second evaluation of Plaintiff's intellectual functioning is supportable on the record. The record reflects that Plaintiff had a long history of semi-skilled work despite his low IQ, Plaintiff did not lose his semi-skilled work because of diminished intellectual functioning, and Plaintiff's high school records did not note an intellectual functioning deficit. Furthermore, a prior evaluation in 2007 determined that Plaintiff's intellectual functioning was "borderline," and the record lacks any objective evidence to suggest that Plaintiff's intellectual functioning had deteriorated to render the prior evaluation unreliable. Under the circumstances, the ALJ did not err when he denied the request for a consultative exam.

## 2.   *Denial of request for dismissal*

20 C.F.R. § 416.1457 provides in relevant part:

An administrative law judge may dismiss a request for a hearing under any of the following conditions:

(a) At any time before notice of the hearing decision is mailed, you or the party or parties that requested the hearing ask to withdraw the request. The request may be submitted in writing to the administrative law judge or made orally at the hearing.

Because Plaintiff requested the dismissal on May 11, 2016, and the ALJ's decision is dated June 6, 2016, Plaintiff timely requested a dismissal. Under the plain language of the regulation, the ALJ is not required to dismiss the action upon request. The regulation provides that the ALJ "may dismiss" a request for a hearing under a number of circumstances, including at the request of the claimant. The ALJ's authority to grant the

5

request to dismiss, therefore, is permissive, not mandatory.

The standard by which this Court should review an ALJ's decision to deny a request for dismissal is not entirely clear. In this case, however, Plaintiff did not offer a reason for his request. (R. 217.) Indeed, in his decision, the ALJ explained that he denied the request for dismissal because "there is no stated reason in the request" and because, "following hearing, the interests of justice are best served with a decision on the merits." (Decision at 1, R. 20.) Without offering a reason to the ALJ in support of the request for dismissal, Plaintiff cannot persuasively argue the ALJ erred when he denied Plaintiff's request to dismiss the matter.

## 3. *Lack of Substantial Evidence*

Plaintiff argues that the record lacks substantial evidence to support the ALJ's decision because Dr. Quinn's 2007 consultation report cannot support the ALJ's Listing (step 3) findings and RFC findings. (Statement of Errors at 9 – 10.) Plaintiff cites recent amendments to Listing 12.05, and maintains that Dr. Quinn did not have a "well supported" basis to conclude that Plaintiff's test results did not accurately reflect Plaintiff's intellectual functioning. (*Id.*) Plaintiff also contends the ALJ's findings are not supported on the record because "he refused to acknowledge and then resolve the inconsistencies in the old report upon which he relied." (*Id.* at 11.) Given the lack of evidence in the record, Plaintiff maintains the ALJ considered raw medical data when making his step 3 and RFC findings. (*Id.* at 2, 11.) Defendant argues substantial evidence in support of the ALJ's decision includes (1) Dr. Quinn's report, (2) the opinions of the state agency consultants, and (3) the mental status exams contained in records of Plaintiff's treatment providers. (*Id.* at 13.)

6

The physicians who participated in the agency review based their assessment of Plaintiff's mental residual functional capacity at least in part on Dr. Quinn's report. Jane Cormier, Ph.D. (Ex. 4A, R. 68), and Jennifer Meyer, Ph.D. (Ex. 6A, R. 89 – 91 & Ex. 8A, R. 101 – 103) opined that Plaintiff's mental residual functional capacity permits simple work, consistent with the ALJ's determination. Contrary to Plaintiff's argument, therefore, the ALJ did not interpret raw medical data, but instead made findings in accordance with the opinions of the state agency consultants and the medical records. Particularly in the absence of a contradictory treating source statement, the ALJ's reliance on the state agency consultants and the medical record was reasonable. The ALJ's decision, therefore, is supported by substantial evidence on the record.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection. Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
Dated this 30th day of June, 2017.      U.S. Magistrate Judge

7